**In re CONCRETE DESIGNERS, INC., dba Harry Wellnitz Company, Debtor.**

**Bankruptcy No. 93–54694.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Sept. 28, 1994.

Richard T. Ricketts, Ricketts & Onda Co., L.P.A., Columbus, OH, for debtor.

Thomas R. Allen, Richard K. Stovall, Thompson, Hine & Flory, Columbus, OH, for Official Committee of Unsecured Creditors.

Bernard Mazer, Gregory D. Port, Donovan & Mazer Co., L.P.A., Dublin, OH, for John H. Crites.

John J. Dilenschneider, David Cooper, Squire, Sanders & Dempsey, Columbus, OH, for Taggart Bldg. Supply Co.

Grady L. Pettigrew, Arter & Hadden, Columbus, OH, for Karl Demmler.

Rick L. Brunner, Brunner & Brunner, Columbus, OH, for Ralph Hazelbaker, Paradigm Const. Corp., Hazelbaker Inv. Co., L.P. and Billie E. Hazelbaker.

Michael N. Schaeffer, Kemp, Schaeffer & Rowe Co., Columbus, OH, for Fifth Third Bank.

Charles E. Reynolds, Charles M. Meyer, Santen & Hughes, Cincinnati, OH, for Reading Rock, Inc.

Larry J. McClatchey, Emens, Kegler, Brown, Hill & Ritter, Columbus, OH, for Oberfield's, Inc.

## ORDER DENYING CONFIRMATION OF PLAN

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matter before the Court is confirmation of the Second Amended Chapter 11 Plan of Reorganization proposed by Concrete Designers, Inc., dba Harry Wellnitz Co., Debtor-in-Possession herein ("Debtor"). Objections to confirmation of Debtor's Plan of Reorganization were filed by John H. Crites ("Crites"), Karl A. Demmler ("Demmler"), and Taggart Building Supply Company ("Taggart"). The matter came on for hearing on September 23, 1994, at which time the parties were afforded an opportunity to present evidence and argument in support of their respective positions.

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

### I. Findings of Fact

Debtor filed its petition for reorganization under Chapter 11 of the Bankruptcy Code on July 30, 1993. Since the filing of the case, Debtor has continued to operate its business as a Debtor-in-Possession. A Creditors' Committee was appointed in this case and has been active throughout. Debtor filed a plan and disclosure statement early in this case, filed an Amended Disclosure Statement on March 22, 1994, and a Second Amended Disclosure Statement on April 14, 1994. By Order entered May 5, 1994, the Court approved the Second Amended Disclosure Statement, authorized Debtor to disseminate the Plan and Disclosure Statement, and set July 8, 1994 for the hearing on confirmation of Debtor's Plan of Reorganization. Objections to confirmation were filed by Demmler and Crites, former shareholders of the Debtor.

At the hearing on July 8, 1994, at the request of Debtor, and in part due to the refusal of the Unsecured Creditors' Committee to support Debtor's Plan, Debtor requested a period of two weeks to file an

amended plan, after which a new confirmation hearing would be set. The Court granted Debtor's request to file an amended plan. Debtor filed its Second Amended Plan of Reorganization on July 22, 1994. The Court entered an Order on August 5, 1994, fixing the time for filing acceptances or rejections of Debtor's Second Amended Plan of Reorganization, and setting the confirmation hearing for September 22, 1994. Debtor neither sought nor obtained permission of the Court to supplement or revise its Second Amended Disclosure Statement, and served the Second Amended Disclosure Statement simultaneously with the Second Amended Plan of Reorganization pursuant to the Court's August 5, 1994 Order.

The objections to confirmation of Debtor's Second Amended Plan of Reorganization each argued that the Plan was not confirmable, *inter alia*, due to the inadequacy of the Second Amended Disclosure Statement and the substantial difference between the April 14, 1994 Second Amended Disclosure Statement, and the July 22, 1994 Second Amended Plan of Reorganization. Considering the issue to be potentially dispositive, the Court requested and heard argument as to the discrepancy between the Plan and Disclosure Statement, and the consequences thereof.

## II. *Conclusions of Law*

The Court acknowledges, and Debtor's counsel properly argues that a new disclosure statement is not required in every case where a modification is requested. If the proposed modification is sufficiently minor, the existing disclosure may suffice. See *Legislative History—House Report* to 11 U.S.C. § 1127(c). Debtor argues that the modifications made from the Second Amended Disclosure Statement to the Second Amended Plan were minor, and did not require additional or revised disclosure. Demmler, Crites and Taggart each argue that the modifications were of such significance that the Disclosure Statement no longer described the Plan at issue, and Debtor would be unable to meet its burden of proving compliance with all applicable provisions of the Bankruptcy Code. See 11 U.S.C. § 1129(a)(2).

If there is any question concerning adequacy of information previously furnished, the plan proponent must obtain a court order concerning adequate information. If the Court determines that acceptance of the modification was obtained with information that was less than adequate, it *may not confirm the plan due to a violation of § 1129(a)(2)*. See 5 *Collier on Bankruptcy*, ¶ 1127.03[2], p. 1127–7 (15th ed. 1990). 11 U.S.C. § 1125(b) specifies that acceptance or rejection of a plan may not be solicited unless the plan and the written disclosure statement, approved by the court as containing adequate information, are transmitted to the holders of claims or interests. Section 1125(a) defines "adequate information" as sufficient information to enable a hypothetical reasonable investor to make an informed judgment *about the plan*. Here, the Second Amended Disclosure Statement was approved by the Court. However, if it did not describe the Second Amended Plan, by definition it could not contain "adequate information" to allow for an informed judgment about *the Plan* (i.e. the Second Amended Plan of Reorganization).

The Court finds that the modifications proposed by Debtor to the Second Amended Plan were significant. Counsel for the Unsecured Creditors' Committee acknowledged that the Second Amended Disclosure Statement did not describe the Second Amended Plan, and the Court concurs. This is not a matter of a mere typographical change, or a clear and obvious improvement to the position of the creditors affected by the modification. The proposed dividend to unsecured creditors was changed from 100% over five years, or a lump sum payment of 40% as stated in the Second Amended Disclosure Statement; to approximately 80% over four years, or a lump sum payment of 50% as stated in the Second Amended Plan. The Second Amended Plan and Second Amended Disclosure Statement were circulated simultaneously in an effort by Debtor to solicit acceptances of the Plan. The problem is that the Court simply cannot determine whether the creditors voted for the distribution scheme set forth in the Second Amended

Plan, or that set forth in the Second Amended Disclosure Statement.

Debtor cited three cases to the Court in support of its position that additional or different disclosure was not necessary. Prior to making its ruling, the Court reviewed these cases, but did not find them persuasive. In *Equity Mgt. II Corp. v. Carroll Canyon Assoc. (In the Matter of Carroll Canyon Associates)*, 73 B.R. 236 (S.D.Miss.1987), the court ruled that a new disclosure statement was not mandatory under 11 U.S.C. § 1127(c) where no acceptances were solicited for the original plan of reorganization, and the only change between the original and amended plan was inclusion of the amount of a stipulated settlement of which the parties were aware. *Equity Mgt.*, 73 B.R. at 239. This is a good example of a minor change where modification to the original disclosure statement was not necessary. The Court notes that in the present case, Debtor did in fact solicit acceptances to the First Amended Plan of Reorganization, and again solicited acceptances for the Second Amended Plan of Reorganization by serving the Plan and Disclosure Statement on all parties in interest in preparation for the September 22, 1994 confirmation hearing. Dissemination of a plan and disclosure statement to obtain the necessary votes for plan confirmation clearly meets the definition of solicitation for purposes of 11 U.S.C. § 1125.

In the case of *In re Sherwood Square Associates*, 87 B.R. 388 (Bankr.D.Md.1988) cited by Debtor, changes to the plan of reorganization were sufficiently minor to avoid the need for further disclosure. The relevant changes to that plan only impacted a creditor that had been fully involved with the proceeding, with no adverse effect on other parties. "Since the amendments and corrections to the Fourth Amended Plan are sufficiently minor, or since they impact only Fairfax which has been fully involved and do not adversely impact any other creditor, it is not necessary to solicit new acceptances, i.e. a new rejection from Fairfax." *Sherwood Square*, 87 B.R. at 390. This provided the basis for the court in *Sherwood Square* to accept the amendments to the plan without requiring additional disclosure.

Debtor relies heavily on the case of *In re American Solar King Corp.,* 90 B.R. 808 (Bankr.W.D.Tex.1988), asserting that additional disclosure is required "only when and to the extent that the debtor intends to solicit votes from previously dissenting creditors or when the modification materially and adversely impacts parties who previously voted for the plan." *American Solar*, 90 B.R. at 823. As in *Sherwood Square*, the *American Solar* case dealt with a modification that affected a particular creditor that was actively involved in the proceeding, with no materially adverse effect on other creditors. The court noted the following definition of materiality:

> A modification is material if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance.

*American Solar,* 90 B.R. at 824, citing 8 Collier on Bankruptcy, ¶ 3019.03, p. 3019–3 (15th ed. 1987).

The court went on to note that "the severity of the modification need not be such as would motivate a claimant to change their vote only that they would be apt to reconsider acceptance." *American Solar King,* 90 B.R. at 824. Further, the court noted that "the proponent of a modified plan may not, as a rule, use pre-modification acceptances solicited with a pre-modification disclosure statement, if the effect of the modification is to substantially change other terms of the original plan." *American Solar,* 90 B.R. at 824–825, citing 5 Collier on Bankruptcy, ¶ 1127.01, p. 1127–3 (15th ed. 1987).

Bankruptcy Rule 3019 allows the Court to attribute prior acceptances to an amended plan if the modification does not adversely change a claimant's treatment. However, this is not the case before the Court. Debtor is not attempting to use Rule 3019 to attribute prior acceptances to its Second Amended Plan, but is attempting to use a disclosure statement approved for a prior plan, in conjunction with a substantially amended plan, to solicit acceptances. In stark contrast to the cases cited by Debtor, it was the Creditors' Committee that was active and involved concerning the proposed modification to this

Debtor's plan of reorganization. The significance of this fact is that the larger constituency represented by the Committee actually votes on the plan of reorganization, not the Committee itself. Thus, while the Committee may have been aware of the changes and modifications in the Second Amended Plan, and may have approved of those modifications, no party can assure the Court that each voting member of the larger constituency represented by the Committee favored the changes made.

■ The Court acknowledges and concurs with the reasoning of the courts in the cases cited by counsel for Demmler, including *In re Media Central, Inc.,* 89 B.R. 685 (Bankr. E.D.Tenn.1988); *In re Jeppson,* 66 B.R. 269 (Bankr.D.Utah 1986); and the unreported case in the Southern District of Ohio, Western Division by Judge Rice, *In re John A. Dooley,* Case No. CV–3–87–394, entered November 19, 1991. Without question, the Court must approve a disclosure statement as containing adequate information *about the relevant plan* before the disclosure statement is disseminated. Debtor acknowledged that the changes made to its Plan were attributable, in part, to the refusal of the Creditors' Committee to support the First Amended Plan. The modifications to the Second Amended Plan resulted in the Committee changing its position to one of support.

It is clear to the Court that Debtor's plan modification resulted in a need for new disclosure under the test set forth in *American Solar.* The court in *American Solar* required further disclosure if: (1) the debtor intended to solicit votes from previously dissenting creditors; *or* (2) if the modification materially and adversely impacted parties who previously voted for the plan. *American Solar,* 90 B.R. at 823. There is no doubt, and Debtor conceded that the modifications were made to gain the support of the creditors' committee for the Debtor's plan. The first alternative set forth in *American Solar* was met, thereby requiring further disclosure.

The unique facts of this case, coupled with the uncertainty as to which document was relied upon by the creditors for their vote, and the materiality of the change from the disclosure statement to the Second Amended Plan compel the Court to conclude that modification of the disclosure was necessary for compliance with 11 U.S.C. § 1129(a)(2). 11 U.S.C. § 1125(b) prohibits any solicitation unless a disclosure statement containing adequate information is transmitted to each class whose acceptance is required. This is, without doubt, a fact driven matter. The Court can only presume that as negotiations evolved with the Creditors' Committee, Debtor agreed to more substantial modifications than originally anticipated. Had the Court been notified of the degree of the change, it certainly would have required further disclosure.

The Court finds the modifications to the Second Amended Plan are of sufficient materiality that a creditor "would be apt to reconsider acceptance." *American Solar,* 90 B.R. at 824. The changes involved have a material and potentially adverse effect, or the possible perception thereof, on the unsecured creditors herein. The creditors may have voted under the auspice that they would be paid a 100% dividend, and would not have accepted anything less, believing the Debtor to be of significant value. The modification here is far reaching, and to this day the affected creditors may not realize its impact, still believing that they voted for the distribution in the Second Amended Disclosure Statement. Had the modification at issue been a straight and simple improvement of the treatment of unsecured creditors, the Court may have reached a different conclusion. However, this is a change in the entire distribution scheme concerning unsecured creditors, some of whom could analyze it as less favorable. The inadequacy of the Second Amended Disclosure Statement is highlighted by the fact that a memorandum of understanding concerning distribution to creditors was deemed necessary by the Creditors' Committee. In addition, further Plan modifications were filed on the date of the confirmation hearing, although those modifications were represented to be an improvement in the treatment of specified creditors at the expense of a consenting insider.

Debtor cannot and has not met its burden of proving compliance with all provisions of

11 U.S.C. § 1129, and the Plan cannot be confirmed. It would be useless for the Court to allow or require Debtor to proceed with other confirmation issues, knowing that the Plan is, at this time, incapable of confirmation.

Based on the foregoing, it is hereby

**ORDERED THAT** confirmation of the Second Amended Plan of Reorganization filed by Debtor herein is DENIED.

IT IS SO ORDERED.